(Reap. Dec. 10692)

BERBEN CORPORATION *v.* UNITED STATES

Entry No. 107258, etc.

(Decided March 10, 1964)

*Barnes Richardson & Colburn* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The appeals for a reappraisement enumerated in the schedule attached to and made part of the decision herein have been consolidated for purposes of decision. Involved therein is the question of the proper value for dutiable purposes of certain merchandise described on the invoices as pistols, rifles, or shotguns.

The parties hereto have entered into a stipulation of fact wherein it has been agreed as follows:

That the appeals for reappraisement listed in Schedule "A" hereto attached and made a part hereof are limited to the merchandise described on the invoices as pistols, rifles or shotguns, with or without other words of description, and exported by the firm of Pietro Beretta, Italy, during the years 1952, 1953 and 1954.

That the issues are similar in all material respects to the issues involved in *Berben Corporation* v. *United States*, Reap. Dec. 10552, and that the record therein may be incorporated herein.

That at the time of exportation such or similar merchandise was not freely offered for sale for home consumption in Italy or for exportation to the United States, and was likewise not freely offered for sale in the United States.

That at the time of exportation the cost of production of the merchandise involved herein, as defined in Sec. 402(f), Tariff Act of 1930, was the entered value.

Upon the agreed facts of record, I find and hold that cost of production, as that value is defined in section 402(f) of the Tariff Act of 1930 (19 U.S.C. § 1402(f)), is the proper basis for determining the value of the items of merchandise in issue and that said value is the entered values. As to all other merchandise, the appeals are dismissed.

Judgment will be entered accordingly.